UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| GEORGE SUAREZ | **COMPLAINT** |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| CITY OF NEW YORK, QUINCY SMITH, PAUL FRANZESE, | |
| | **08 cv 10462(BSJ)** |
| Defendants. | |

----------------------------------------------------------X

## NATURE OF ACTION

1.  This action is brought by Plaintiff to recover damages for false arrest, malicious prosecution and other violations of Plaintiff's rights.

## THE PARTIES

2.  Plaintiff is a resident of Bronx, New York.

3.  The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4.  Defendants Smith and Franzese of the New York City Police Department.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6.  Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7   On 12/17/07 around 7 pm plaintiff was in front of 745 East 152nd Street, Bronx, New York and as obeying all laws of the City and State of New York and of the United States waiting for a friend.

1

8	Plaintiff was approached by a Smith, who was in a police car with Franzese, questioned and harassed without probable cause. Plaintiff asked why he was being harassed, and thereupon arrested and searched and charged with trespass.

9.	Plaintiff gave the arresting officer and his partner the information about whom he was waiting for, in the building in front of where plaintiff was waiting, but the officers did not investigate, and arrested him for trespass, even though plaintiff was standing on a public sidewalk.

10.	Plaintiff was held in custody, released, charged with a trespass violation and misdemeanor.

11	At plaintiff's trial, defendant Smith made many false statements, including that he had investigated the apartment where plaintiff's friend lived, that plaintiff was in the building rather than on the street, that plaintiff had a "suspicious bulge," and that plaintiff was making "suspicious maneuvers. These were all lies designed to beef up a bad arrest. When the defendants searched plaintiff, a law abiding citizen with no criminal record who was merely waiting for a friend, and saw that he had no contraband, they tried to hang a bogus trespass charge on him in order to retaliate against plaintiff for invoking his right not to give the police officer information that he was not required to.

12	The plaintiff was acquitted of all charges on 10/7/08, however, he lost at least one job opportunity because the charge was pending against him. He was otherwise subject to humiliation and emotional distress and when arresting him, defendant Smith banged his head against the car in an excessive manner resulting in a modest, but completely unnecessary injury. He now sues for redress.

2

## FIRST CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

13	Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

15	Plaintiff was arrested without probable cause. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

15	By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT

16.	Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

17.	Defendants intended to confine the plaintiff. The plaintiff was conscious of the confinement and he did not consent to the confinement.

18.	The confinement was not otherwise privileged, either at the point of the initial arrest, or at the point the defendants knew they would not charge plaintiff with any other crimes.

19.	By virtue of the foregoing, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## EXCESSIVE USE OF FORCE
## 42 U.S.C. § 1983

20.	Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

21.	Acting under color of state law, defendants used excessive force in arresting plaintiff that cause injury.

22.	As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
## 42 U.S.C. § 1983

23.	Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

24.     Acting under color of state law, defendants brought charges against plaintiff without probable cause.

25.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

### SIXTH CAUSE OF ACTION
### MALICIOUS PROSECUTION

26.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

27.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

### SEVENTH CAUSE OF ACTION
### RETALIATION UNDER 42 U.S.C. § 1983

28.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

29.     Defendants acting under color of state law stopped and demanded information of plaintiff that he was not required to give.

30.     Defendant Smith arrested plaintiff in retaliation for expressing his right not to give information as he is entitled to do in the absence of a founded suspicion of criminal activity. Plaintiff was standing on a public street waiting for a friend. He had no "suspicious bulge" nor was he making any evasive, furtive movements. He was arrested solely because he asserted his right not to answer the police officer's questions

31.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

### EIGHTH CAUSE OF ACTION
### FAILURE TO PROTECT PLAINTIFF'S RIGHTS
### 42 U.S.C. § 1983

32.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

33. Defendant Franzese had a duty to intercede and prevent the illegal stop, search and arrest of plaintiff, but not only failed to do so, but affirmatively approved the arrest as Smith's superior officer.

34. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

**WHEREFORE,** Plaintiff demands as follows:

      A.    Compensatory damages;

      B.    Punitive damages to be determined by the trier of fact;

      C.    Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

      D.    Such other relief as the Court may deem just and proper.

Dated:    New York, New York
            December 6, 2008

                                      /s/
                              GREGORY ANTOLLINO (GA 5950)
                              Attorney for Plaintiff
                              1123 Broadway, Suite 902
                              New York, NY 10010
                              (212) 334-7397