



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/09

RECEIVED
JUL 20 2009
CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MEMO ENDORSED**

*Leticia J. Santiago*
*Senior Counsel*
phone: (212) 788-1573
fax: (212) 788-9776
email: lsantiag@law.nyc.gov

July 20, 2009

By Fax (212) 805-6712
The Honorable Kevin Nathaniel Fox
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  Suarez v. City of New York, et al., 08 CV 10462 (BSJ)(KNF)

Your Honor:

      I represent defendants City of New York, Police Officer Quincy Smith and Lieutenant Paul Franzese in the above-referenced matter. I write to the Court for three reasons. First, I request that the Court order plaintiff to appear for the taking of his deposition on July 23, 2009 at 11 a.m. at the offices of the Corporation Counsel located at 100 Church Street, 4th Floor, New York, New York. Second, I request that the Court order plaintiff to provide a general Criminal Procedure Law §160.50 release permitting defendants to access all arrests records in possession of the New York City Police Department, regardless of disposition. Third, I request that the Court order plaintiff to provide the most recent contact information for non-party witness Eduardo Velez. Plaintiff's counsel, Gregory Antollino, and I have been communicating via email regarding the scheduling of plaintiff's deposition, Mr. Velez' deposition, and the general §160.50 release, which plaintiff opposes. Although these issues were ripe for judicial intervention for the past week, I delayed submitting the instant application as Mr. Antollino has been out of the country, was not scheduled to return until July 18th, and indicated to me that he would not be in a position to repond until today.

### Plaintiff's Deposition

      Plaintiff's deposition was first noticed for June 30, 2009. As indicated in my letter to the Court dated June 30, 2009, defendants were deposed first on that day in order to accommodate plaintiff. The defendants depositions ended after 4 p.m. and plaintiff had to leave at 5 p.m. Thus, plaintiff's deposition did not begin. In my June 30th letter to the Court, I requested a 30

day extension for discovery to depose plaintiff, to depose non-party witness Eduardo Velez, and to possibly depose the two individuals arrested within minutes of plaintiff's arrest.

In his July 1, 2009 letter to the Court, plaintiff opposed defendants' request for a discovery extension, except to depose plaintiff. Your Honor granted defendants from June 30, 2009 to July 17, 2009. On July 2, 2009, I wrote to Mr. Antollino requesting that plaintiff be produced on July 8, 2009 for the taking of his deposition and that plaintiff execute a general §160.50 release. That same day, plaintiff informed the Court, for the first time, by letter that he would be out of the country for two weeks and requested that the Court grant the defendants original extension to July 31, 2009. Your Honor granted plaintiff's application and discovery is set to close on July 31, 2009.

Currently, plaintiff's deposition is scheduled for July 23, 2009 at 11 a.m. However, plaintiff has changed the dates for the taking of his deposition on several occasions and defendants seek to a Court order compelling his appearance on that date to ensure his appearance and to provide defendants with firm Rule 37 relief should he fail to appear.

CPL §160.50 Release

In defendants' discovery demands, we sought a general §160.50 release from plaintiff to obtain documents and information pertaining to any and all arrest records in possession of the New York City Police Department, regardless of disposition. Plaintiff has refused to provide such release. Defendants seek the §160.50 release as it is reasonably calculated to lead to the discovery of admissible evidence and bears particularly on damages.

Defendants submit that any prior arrests and incarcerations may demonstrate that plaintiff's purported damages, particularly any damages for mental anguish attendant upon arrest and imprisonment, were mitigated by any prior incarcerations and encounters with the criminal justice system. See, e.g., Udemba v. Nicoli, 237 F.3d 8, 12 (1st Cir. 2001) (holding that admission of evidence of other bad acts to assist the jury in measuring the extent of damages in a § 1983 action is a legitimate, non-character-based use of such evidence, and hence is not precluded by Federal Rule of Evidence 404(b))(collecting cases). Particularly courts in the Southern District of New York have permitted such examination at trial for the purposes of damages, and even credibility. See Woodrow Flemming v. Edward Velardi, et al., 02 CV 4113 (RLC); Marcus Blue v. The City of New York, 07 CV 6471(GEL); Robert Weide v. City of New York, 07 CV 693 (CM); Cooke-Harris v. Longo, 05 CV 2081 (SC); Coston v. The City of New York, 05 CV 4781 (HB); Ramon Santos v. The City of New York, 00 CV 4533 (HB). Clearly, plaintiff's arrest history is discoverable. Plaintiff must be compelled to provide a properly executed general §160.50 release.

Non-party Eduardo Velez

In his Initial Disclosures dated February 7, 2009, plaintiff identified Eduardo Velez as a person with knowledge of the alleged incident. Specifically, plaintiff stated that Mr. Velez is "formerly of 745 East 152nd Street #14B, Bronx, New York. Upon information and belief he still receives mail there but I am obtaining another address." On June 22, 2009, plaintiff produced an affidavit from Mr. Velez, dated June 17, 2009, wherein Mr. Velez states "My mailing address is

2

745 east 152nd Street, Apt. 14B, Bronx, New York, and I have lived there on and off since my birth."

Based upon the foregoing information, defendants attempted to serve a subpoena upon Mr. Velez for the taking of his deposition at 745 East 152nd Street, Apt. 14B, Bronx, New York. Three attempts were made, however, service was not effectuated. Defendants request that plaintiff, consistent with his Rule 26a responses, be compelled to provide Mr. Velez's current address where he can be served with a subpoena for the taking of his deposition.

I thank the Court for its consideration of these matters.

Sincerely,

Leticia J. Santiago
Senior Counsel

cc: By Fax (212) 334-7399
Gregory Antollino
Attorney for Plaintiff
1123 Broadway, Suite 902
New York, New York 10010

7/22/09

The defendants' request for an order directing the plaintiff to attend his deposition is denied. No such order is needed. See Fed.R.Civ.P. 37(d). The defendants' request for an order directing the plaintiff to execute "a general [New York Criminal Procedure Law ("CPL")] §160.50 release [ ] pertaining to any and all arrest records... regardless of disposition," is denied. CPL §160.50's applicability is not coextensive with the universe of records sought by the defendants. The plaintiff shall provide, expeditiously, to the defendants, any information he possesses regarding the address(es) at which Eduardo Velez lives or where he may otherwise be delivered a subpoena, as contemplated by Fed. R. Civ. P. 45. SO ORDERED:

Kevin Nathaniel Fox
Hon. Kevin Nathaniel Fox
United States Magistrate Judge

3